## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

---------------------------------------------------------------------
MARIETTA JOHNSON, fka MARIETTA CLEMEN       :
and TROY JOHNSON                            :    CIVIL ACTION NO:
    Plaintiffs                              :    3:06 CV 01299 (JCH)
                                            :
V.                                          :
                                            :
MITSUBISHI MOTOR CREDIT OF AMERICA, INC     :
and COMMERCIAL RECOVERY SYSTEMS             :
    Defendant                               :    January 22, 2007
---------------------------------------------------------------------

## **AMENDED COMPLAINT**

**COUNT ONE  (FDCPA – CRS)**

1.     The Plaintiff Marietta Johnson, formerly known as Marietta Clemen, and Troy Johnson reside at 77 Villa Road, Waterbury, Connecticut.

2.     The Defendant Mitsubishi Motors Credit of America, Inc., (hereafter called MMCA) is a foreign corporation licensed to do business in the State of Connecticut and is located at 6400 Katella Avenue, Cypress CA 90630.

3.     The Defendant Commercial Recovery Systems, Inc.(hereafter called CRS) of 8035 East R.L. Thorton, Suite 2202, Dallas, Texas is a collection agency acting on behalf of Mitsubishi to recover a debt purportedly owed by the Plaintiff.

4.     Jurisdiction of this Court arises under 15 U.S.C § 1692k(d), and 28 U.S.C. §§1331, 1332 and 1337 and Supplemental Jurisdiction exits for state law claims pursuant to 28 U.S.C. § 1367.

5.      On or about May 23, 2001, the Plaintiffs purchased a 2001 Mitsubishi Galant from County Line Mitsubishi of Middlebury, Connecticut.  County Line Mitsubishi financed this transaction, and the loan contract was subsequently assigned to MMCA on or about May 23, 2001.

6.      The loan issued by County Line Mitsubishi to the Plaintiffs, and now held by MMCA, was a retail installment contract or installment loan pursuant to Connecticut General Statutes § 36a-770(c)(9).

7.      This loan is governed by the Retail Installment Sales Financing Act, Connecticut General Statutes § 36a-770, et seq.

8.      The Plaintiffs were unable to make timely payments on their motor vehicle loan and surrendered the motor vehicle to MMCA.

9.      MMCA caused the motor vehicle to be sold at private sale on March 23, 2005.

10.     By letter dated April 5, 2005, MMCA advised the Plaintiffs that the motor vehicle was sold and that the principal balance due after sale was $7,582.41 plus known expenses of $490.00 for a total deficiency to MMCA of $8072.41.

11.     At some point after April 5, 2005, MMCA hired CRS to collect the alleged outstanding deficiency in this matter.

12.     On or about December 17, 2005, CRS contacted the Plaintiff in writing seeking to recover a balance of $10,144.93 on behalf of MMCA and against the Plaintiff.

13.     CRS is a debt collector as defined by the Federal Debt Collection Practices Act (hereafter called FDCPA) 15 U.S.C. §1692a(6).

14.     The letter dated December 17, 2005 is a violation of the Federal Fair Debt Collection Practices Act in one or more of the following ways:

      a. The letter fails to provide the notice required by 15 U.S.C. § 1692g

      b. CRS, Inc. falsely represents the amount of the debt in violation of 15 U.S.C. § 1692e(2).

15.     The Plaintiffs are entitled to statutory damages including costs and attorney's fees.

**COUNT TWO (FDCPA – CRS)**

1-13.   Paragraphs 1 through 13 of Count One are hereby incorporated by reference and made Paragraphs 1 through 13 of Count Two.

14.     On or about January 26, 2006, the Plaintiff Marietta Johnson received a telephone call at her place of employment from a "Mr. Bee."

15.     Mr. Bee identified his employer as CRS and indicated that he was collecting the debt due MMCA.

16.     On said date, she orally advised Mr. Bee that she could not receive calls at work.

17.     On or about January 27, 2006, the Plaintiff Marietta Johnson received a second telephone call at work from Mr. Bee.  The plaintiff, for a second time, advised Mr. Bee that she could not receive calls at work.

18.     The telephone call placed by Mr. Bee on January 27, 2006 is a violation of the FDPCA, 15 U.S.C. § 1692c(a)(3).

**COUNT THREE (FDCPA – CRS)**

1-17.   Paragraphs 1-17 of Count Two are herein incorporated by reference and made Paragraphs 1 through 17 of Count Three.

18.     On January 27, 2006, Mr. Bee placed a third telephone call to the Plaintiff and left the following message. "May I speak to John Tobin, Oh I can't reach him through you, can I."

19.     John Tobin is the president of Waterbury Hospital, the employer of the Plaintiff Marietta Johnson.

20.     The telephone call placed by Mr. Bee of CRS is a violation of 15 U.S.C. §1692c(a)3.

**COUNT FOUR (FDCPA – CRS)**

1-19.   Paragraphs 1 through 19 of Count Three are hereby incorporated by reference and made Paragraphs 1 through 19 of Count Four.

20.     The telephone call from Mr. Bee is a violation of 15 U.S. C. § 1692d.

**COUNT FIVE (FDCPA – CRS)**

1-19.   Paragraphs 1 through 19 of Count Four are hereby incorporated by reference and made Paragraphs 1 through 19 of Count Five.

20.     The telephone call from Mr. Bee is a further violation of 15 U.S.C. § 1692e.

**COUNT SIX (FDCPA – CRS)**

1-19.   Paragraphs 1 through 19 of Count Five are hereby incorporated by reference and made Paragraphs 1 through 19 of Count Six.

20.     On January 27, 2006, Mr. Bee placed his third telephone call of the day and fourth telephone call in two days and left a message for the Plaintiff, Marietta Johnson.

21.     The message that Mr. Bee left stated that he was going to call the Plaintiff's Human Resources Department and Mr. Tobin, the President of the Plaintiff's employer

and that Mr. Bee was going to attach the Plaintiff's wages and that the Plaintiff was going to be sued.

22.    Said telephone calls are a violation of 15 U.S.C. § 1692c(a)(3).

**COUNT SEVEN (FDCPA – CRS)**

1-21.    Paragraphs 1-21 of Count Six are hereby incorporated by reference and made Paragraphs 1-21 of Count Seven.

22.    Said telephone calls are a violation of 15 U.S.C. § 1692d

**COUNT EIGHT (FDCPA – CRS)**

1-21.    Paragraphs 1-21 of Count Seven are hereby incorporated by reference and made Paragraphs 1-21 of Count Eight.

22.    Said telephone calls are a violation of 15 U.S.C. § 1692e

**COUNT NINE (FDCPA – CRS)**

1-21    Paragraphs 1-21 of Count Eight are hereby incorporated by reference and made Paragraphs 1-21 of Count Nine.

22.    On January 28, 2006, the Plaintiff Marietta Johnson received another call from Mr. Bee of CRS at her place of employment.   Said telephone call constitutes a violation of 15 U.S.C. § 1692c(a)(3)

**COUNT TEN (FDCPA – CRS)**

1-21    Paragraphs 1-21 of Count Nine are hereby incorporated by reference and made Paragraphs 1-21 of Count Ten.

22.    On January 28, 2006, the Plaintiff received a call from a caller who identified himself as Michael Bauers, Mr. Bee's manager at CRS.

23.	Mr. Bauers denied knowing about prior calls by Mr. Bee, and advised the Plaintiff that he works standard business hours just like the Plaintiff Ms. Johnson and so he will call her at work during those standard business hours.

24.	Mr. Bauers further stated that he will call the Plaintiff's employer and garnish her wages.

25.	Mr. Bauers had no legal ability to garnish Plaintiff's wages.

26.	Said telephone call is a violation of 15 U.S.C. § 1692c(a)(3).

**COUNT ELEVEN (FDCPA – CRS)**

1-25.  Paragraphs 1 through 25 of Count Ten are hereby incorporated herein and made Paragraphs 1 through 25 of Count Eleven.

26.	Said telephone call is further a violation of 15 U.S.C. § 1692d

**COUNT TWELVE (FDCPA – CRS)**

1-25.  Paragraphs 1 through 25 of Count Eleven are hereby incorporated herein and made Paragraphs 1 through 25 of Count Twelve.

26.	Said telephone call is further a violation of 15 U.S.C. § 1692e

**COUNT THIRTEEN (FDCPA – CRS)**

1-25.  Paragraphs 1 through 25 of Count Twelve are hereby incorporated herein and made Paragraphs 1 through 25 of Count Thirteen

26.	Said telephone call is further a violation of 15 U.S.C. § 1692f

**COUNT FOURTEEN (FDCPA – CRS)**

1-25.  Paragraphs 1 through 25 of Count Thirteen are hereby incorporated herein and made Paragraphs 1 through 25 of Count Fourteen.

26.     On January 30, 2006, the Plaintiff received a call at her place of employment from CRS. The caller left a message indicating "you are going to be so proud of us when we garnish your wages."

27.     Said message is a violation of 15 U.S.C. § 1692c(a)(3).

**COUNT FIFTEEN (FDCPA – CRS)**

1-26.   Paragraphs 1 through 26 of Count Fourteen are hereby incorporated herein and made Paragraphs 1 through 26 of Count Fifteen

27.     Said message is a violation of 15 U.S.C. § 1692e.

**COUNT SIXTEEN (FDCPA – CRS)**

1-26.   Paragraphs 1 through 26 of Count Fifteen are hereby incorporated herein and made Paragraphs 1 through 26 of Count Sixteen.

27.     On or about January 31, 2006, the Plaintiff received another call at her place of employment from Mr. Bee of CRS, who left a message indicating that the Plaintiff Marietta Johnson had no morals.

28.     Said message is a violation of 15 U.S.C. § 1692e.

**COUNT SEVENTEEN (FDCPA – CRS)**

1-27.   Paragraphs 1 through 27 of Count Sixteen are hereby incorporated herein and made Paragraphs 1 through 27 of Count Seventeen.

28.     Said message is a violation of 15 U.S.C. § 1692c(a)(3)

**COUNT EIGHTEEN (FDCPA – CRS)**

1-27.   Paragraphs 1 through 27 of Count Seventeen are hereby incorporated herein and made Paragraphs 1 through 27 of Count Eighteen.

28.     Said message is a violation of 15 U.S.C. § 1692e.

**COUNT NINETEEN (FDCPA – CRS)**

1-27. Paragraphs 1 through 27 of Count Eighteen are hereby incorporated herein and made Paragraphs 1 through 27 of Count Nineteen.

28. Said message is a violation of 15 U.S.C. § 1692f

**COUNT TWENTY (Vicarious Liability/Respondeat Superior – MMCA)**

1-27. Paragraphs 1-27 of Count Nineteen are incorporated herein by reference and made Paragraphs 1-27 of Count Twenty.

28. CRS is responsible for the acts of its employees and/or agents.

29. CRS, and its employees, and/or agents were acting as agents for MMCA.

30. MMCA is liable for all of the actions of CRS, and the employees or agents thereof.

**COUNT TWENTY ONE – (CUTPA – CRS and MMCA)**

1-27. Paragraph 1-27 of Count Twenty are hereby incorporated herein by reference and made Paragraphs 1-27 of Count Twenty-One.

28. On or about April 5, 2005, MMCA gave notice of the sale of the Plaintiff's motor vehicle and indicated that they had provided a credit equal to the greater of the NADA value or the proceeds on resale.

29. MMCA claimed that the total deficiency after the sale of the motor vehicle was $8,027.41

30. On or about December 17, 2005, CRS claimed a principal balance due of $10,144.93

31. The Sales Price of the vehicle was less than the NADA value at the time of repossession.

32.     Pursuant to C.G.S. § 36a-785, a creditor must give the debtor credit for the greater of the NADA value or the sales price when determining a deficiency unless the creditor can show by direct, in-court testimony that the lower sales price is the actual fair market value of the motor vehicle.

33.     Neither defendant has gone to the Court to determine that the lower resale figure should be used to determine the deficiency judgment

34.     Upon information and belief, CRS seeks to collect the debt prior to the sale of the motor vehicle less the sales price of the motor vehicle.

35.     The actions of each of the two defendants in attempting to collect the obligations in amounts greater than that specified by C.G.S. §36a-785 are in violation of Connecticut's Unfair Trade Practice § 42-110a et seq.

**COUNT TWENTY TWO – (CUTPA – CRS and MMCA)**

1-34.   Paragraphs 1-34 of Count Twenty One are hereby incorporated by reference and made Paragraphs 1-34 of Count Twenty Two.

35.     The attempt by the Defendants to collect a debt in excess of the amount due is a violation of Connecticut's Unfair Trade Practices Act 42-110, et seq.

**COUNT TWENTY THREE – (CUTPA – MMCA)**

1-34.   Paragraphs 1-34 of Count Twenty Two are hereby incorporated by reference and made Paragraphs 1-34 of Count Twenty Three.

35.     MMCA was aware that a deficiency on the debt was limited to the debt prior to the sale less the NADA value.

36. Upon information and belief, MMCA knowingly misreported the deficiency to its collector, advising the collector that the deficiency was equal to the debt prior to the sale less the sales price.

37. MMCA is a creditor under Conn. Gen. Stat. §36a-645(2).

38. MMCA, individually, or through its agent, CRS, has communicated with the Plaintiff at her place of work despite having been informed by the Plaintiff that she could not receive such communications while at work.

39. Such acts constitute a violation of C.G.S. §36a-646, and the regulations thereunder.

40. Violation of this statute constitutes an unfair trade practice under Conn. Gen. Stat. §42-110a, et. seq.

**COUNT TWENTY FOUR (FDCPA – MMCA)**

1-34. Paragraphs 1-34 of Count Twenty Three are hereby incorporated by reference and made Paragraphs 1-34 of Count Twenty Four.

35. Said action constitutes a willful violation of the Fair Debt Collection Practices Act 15 U.S.C. § 1692g et seq.

**COUNT TWENTY FIVE (Fraud – MMCA)**

1-34. Paragraphs 1-34 of Count Twenty Four are hereby incorporated by reference and made Paragraphs 1-34 of Count Twenty Five.

35. Said action constitutes fraud.

**COUNT TWENTY SIX (CUTPA – CRS and MMCA)**

1-34. Paragraphs 1-34 of Count Twenty Five are hereby incorporated by reference and made Paragraphs 1-34 of Count Twenty Six.

35.   Each action of the Defendants constitutes a violation of C.G.S. § 42-110a et. Seq.

**COUNT TWENTY SEVEN (Negligent Infliction of Emotional Distress – CRS and MMCA)**

1-34.   Paragraphs 1-34 of Count Twenty Six are hereby incorporated by reference and made Paragraphs 1-34 of Count Twenty Seven.

35.   Upon information and belief, the Defendants contacted the employer of Marietta Johnson and discussed the obligation alleged to be due.

36.   The Defendants have a duty to collect their debts in accordance with the Fair Debt Collection Practices Act and the Creditors Collection Practices Act, Conn. Gen. Stat. §36a-645, et. seq.

37.   The Defendants should have realized that their conduct involved an unreasonable risk of causing emotional distress to the Plaintiffs, and that the emotional distress, if caused, might result in illness or bodily harm.

38.   The Defendants acted in an inconsiderate, humiliating, and embarrassing manner in attempting to collect the Plaintiffs' debt.

39.   The Defendants' conduct caused the Plaintiffs to suffer emotional distress.

**COUNT TWENTY EIGHT (Intentional Infliction of Emotional Distress – CRS)**

1-35.   Paragraphs 1-35 of Count Twenty Seven are hereby incorporated by reference and made Paragraphs 1-35 of Count Twenty Eight.

36.   CRS intended to inflict emotional distress, knew or should have known that emotional distress was the likely result of its conduct.

37.   CRS conduct as described above was extreme and outrageous.

38.   CRS conduct as described above was the cause of severe emotional distress to the Plaintiffs.

**COUNT TWENTY NINE (CUTPA– MMCA)**

1-37.   Paragraphs 1-37 of Count Twenty Three are hereby incorporated and made Paragraphs 1-37 of Count Twenty Nine.

38.   MMCA, individually, or through its agent, CRS, has falsely represented the amount of the debt due from the Plaintiffs.

39.   Such acts constitute a violation of C.G.S. §36a-646, and the regulations thereunder.

40.   Violation of this statute constitutes an unfair trade practice under Conn. Gen. Stat. §42-110a, et. seq.

**COUNT THIRTY– (CUTPA – MMCA)**

1-37.   Paragraphs 1-37 of Count Twenty Nine are hereby incorporated and made Paragraphs 1-37 of Count Thirty.

38.   MMCA, individually, or through its agent, CRS has falsely represented or implied that nonpayment of the debt would result in the seizure, garnishment, attachment, or sale of property and wages of the Plaintiff, when MMCA could not legally take such action or did not intend to take such action.

39.   Such acts constitute a violation of C.G.S. §36a-646, and the regulations thereunder.

40.   Violation of this statute constitutes an unfair trade practice under Conn. Gen. Stat. §42-110a, et. seq.

**COUNT THIRTY ONE - (CUTPA – MMCA)**

1-37.   Paragraphs 1-37 of Count Thirty are hereby incorporated and made Paragraphs 1-37 of Count Thirty One.

38.   MMCA, individually, or through its agent, CRS, has threatened to take action that cannot legally be taken.

39.   Such acts constitute a violation of C.G.S. §36a-646, and the regulations thereunder.

40.   Violation of this statute constitutes an unfair trade practice under Conn. Gen. Stat. §42-110a, et. seq.

**COUNT THIRTY TWO – (CUTPA – MMCA)**

1-37.   Paragraphs 1-37 of Count Thirty One are hereby incorporated and made Paragraphs 1-37 of Count Thirty Two.

38.   MMCA, individually, or through its agent, CRS, has made the false representation or implication that the Plaintiff committed a shameful or disgraceful act.

39.   Such acts constitute a violation of C.G.S. §36a-646, and the regulations thereunder.

40.   Violation of this statute constitutes an unfair trade practice under Conn. Gen. Stat. §42-110a, et. seq.

**COUNT THIRTY THREE – (CUTPA – MMCA)**

1-37.   Paragraphs 1-37 of Count Thirty Two are hereby incorporated and made Paragraphs 1-37 of Count Thirty Three.

38.     MMCA, individually, or through its agent, CRS, has failed to disclose clearly in all communications made with the Plaintiff that the creditor was attempting to collect a debt and that any information obtained would be used for that purpose.

39.     Such acts constitute a violation of C.G.S. §36a-646, and the regulations thereunder.

40.     Violation of this statute constitutes an unfair trade practice under Conn. Gen. Stat. §42-110a, et. seq.

WHEREFORE, Plaintiff seeks:

1. Money Damages;

2. Attorney's fees pursuant to C.G.S. §42-150bb;

3. Statutory Damages, pursuant to 15 U.S.C. § 1692k(a)(2)

4. Court Costs;

5. Statutory Damages;

6. Costs and attorney's fees pursuant to C.G.S. § 42-110g(c) for each CUTPA Count.

                                  THE PLAINTIFFS

                              BY_____/s/ Francis J. Grady_____
                                  Francis J. Grady, Esq.
                                  Grady & Riley, LLP
                                  86 Buckingham St.
                                  Waterbury, Connecticut 06710
                                  (203)575-1131
                                  grady.riley@snet.net

## CERTIFICATION

      This is to certify that automatically upon filing with the CM/ECF system, a copy of the foregoing motion, and attached amended complaint has been sent electronically to the following counsel and pro se parties of record:

    Michael C. Conroy
    Gordon, Muir & Foley
    10 Columbus Blvd.
    Hartford, CT 06106-1796

    David M. Bizar
    McCarter & English
    185 Asylum St., 36th Fl.
    Hartford, CT 06103-3495

Dated this 22nd day of January, 2007

                                                      /s/ Francis J. Grady
                                                  Francis J. Grady, Esq.